IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

Consolidated Under MDL Docket No. 875
EDPA Civil Action No.:

| | |
|---|---|
| Betty Hatzenbihler, individually and on behalf of the Estate of Peter W. Hatzenbihler, <br><br> Plaintiff, <br><br> vs. <br><br> A.P.I., Inc., et al., <br><br> Defendants. | Transferred from: <br> District of North Dakota – SW Division <br> Civil No. 1:89-cv-146 <br><br> **DEFENDANT SEPCO CORPORATION'S** <br> **MOTION FOR SUMMARY JUDGMENT** |

Sepco Corporation (hereinafter "Sepco"), one of the Defendants in the above captioned asbestos case, moves the Court for an order granting summary judgment for dismissal of all claims against it with prejudice. In the alternative, Sepco moves the Court for an order granting partial summary judgment as follows:

A.      Summary judgment dismissing the Plaintiff's claims of civil conspiracy, including the alleged underlying tort of deceit, on the grounds that Plaintiff has failed to present a *prima facie* case;

B.      Summary judgment dismissing the Plaintiff's claims of liability based upon the "market share" theory of liability, the "enterprise" theory of liability, and the theory of "alternative liability," on the grounds that those theories are inapplicable;

C.      Summary judgment dismissing the Plaintiff's claims of intentional torts on the grounds that Plaintiff has failed to present a *prima facie* case by failing to show sufficient, if any, exposure to an asbestos containing product manufactured, sold or distributed by Defendant Sepco; and

D.      Summary judgment dismissing Plaintiff's claims of negligence, strict products liability, breach of warranty, and any other applicable claim because of Plaintiff's failure to

present evidence showing exposure to Sepco products that is casually related to any alleged injuries.

Sepco bases its motion upon Rule 56(c) of the North Dakota Rules of Civil Procedure in that the pleadings, depositions, answers to interrogatories, admissions on file, together with the supporting affidavits, if any, show that there is no genuine issue of material fact and that Sepco is entitled to a judgment as a matter of law.  Sepco also moves the Court for summary judgment based upon the reasons given by other moving Defendants addressing the issues of market share liability, enterprise liability, alternative liability, civil conspiracy, including alleged underlying torts, negligence, strict liability, and Plaintiff's failure to show exposure.

Dated this 14th day of January, 2010.

JEFFRIES, OLSON & FLOM, PA

By: _____

Joel A. Flom                        #04469
1202 – 27th Street So., Ste. B
Fargo, ND  58103
(701) 280-2300
ATTORNEYS FOR DEFENDANT
SEPCO CORPORATION