IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | Consolidated Under MDL Docket No. 875<br>EDPA Civil Action No.: |

| | | |
|---|---|---|
| Betty Hatzenbihler, individually and<br>on behalf of the Estate of<br>Peter W. Hatzenbihler, | ) ) ) ) | Transferred from:<br>District of North Dakota – SW Division<br>Civil No. 1:89-cv-146 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **DEFENDANT SEPCO CORPORATION'S**<br>**BRIEF IN SUPPORT OF MOTION FOR**<br>**SUMMARY JUDGMENT** |
| A.P.I., Inc., et al., | ) ) | |
| Defendants. | ) ) | |

## I.  INTRODUCTION

Plaintiff in this case is seeking damages against Sepco Corporation (hereinafter "Sepco") and others, alleging that Plaintiff sustained injuries as a result of exposure to certain asbestos containing products manufactured or supplied by Sepco and the various other Defendants. Plaintiff alleges negligence, breach of warranty, strict products liability, market share liability, enterprise liability, alternative liability, and civil conspiracy. The civil conspiracy claim includes an allegation of the underlying tort of deceit.

Sepco now moves the Court pursuant to Rule 56(c) of the North Dakota Rules of Civil Procedure for an order granting it summary judgment as to all of Plaintiff's causes of action. In the alternative, Sepco moves the Court for partial summary judgment. The grounds for summary judgment are set forth below.

## II. FACTUAL BACKGROUND

Discovery has revealed that Defendant Sepco did manufacture or supply certain products containing asbestos. Specifically, it manufactured or supplied a very small number of thermal gasketing and other fluid sealing products. However, despite being named as a Defendant in this action, the Plaintiff naming Sepco as a Defendant in his lawsuit has never even heard of Sepco or

its products, to say nothing of being able to prove that they ever used Sepco products and/or were harmed by asbestos contained within any Sepco products. The Plaintiff has not presented any evidence that he worked on or around Sepco products.

Sepco was formed in 1924. Its former name, which was used from 1924 through the mid-to-late 1960's, was Southeastern Products Corporation. Sepco was located on Highway 31 South, Pelham, Alabama. Sepco's principal products were gasketing and packing products that were manufactured or supplied from 1924 to 1984. Sepco's braided packing products were generally impregnated or treated with a saturant such as oil, wax, Teflon, rubber, animal fat, graphite, or molybdenum disulfide, which generally represented an average of 35% by weight of the finished products. Sepco braided packing was used as a fluid sealing device in pumps and valves and Sepco gaskets were used as a fluid sealing device between flanges.

Sepco has never had a distributor in North Dakota, South Dakota, or Denver, Colorado. There is no evidence presented by Plaintiff of any sales to any North Dakota employers, contractors or work sites. Sepco did have a Minnesota distributor, Power Dynamics, Inc. (hereinafter "PDI") beginning in the mid-70's. No affidavits, testimony, records or individuals who have knowledge have been identified by Plaintiffs to date substantiating any sale of Sepco products by PDI into the State of North Dakota. It should be noted that PDI was a distributor for a number of other companies as well, specifically including other gasket and packing suppliers.

It should also be noted that Plaintiff does not himself identify the use of any Sepco products, either in his work histories, or in other discovery responses. Generally, Sepco denies that its products were hazardous, defective, or unreasonably dangerous. Many of its products were completely sealed, or were otherwise coated or impregnated so that no respirable fibers would be produced in the use or handling of these products. Furthermore, Plaintiff has utterly failed to demonstrate that any Sepco products are involved at all, or that if they are, they contain asbestos. Against this factual background, Sepco now moves for summary judgment.

## III.  LAW AND ARGUMENT

### A.    Standard For The Issuance Of Summary Judgment.

The standard for the issuance of summary judgment is governed by Rule 56(c) of the North Dakota Rules of Civil Procedure.  Rule 56 (c) provides in pertinent part as follows:

> Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.

Rule 56 (c), N.D.R.Civ.P.; see also, Stuhmiller v. Nodak Mutual Ins. Co., 475 N.W.2d 136, 137 (N.D. 1991); Muchow v. Lindblad, 435 N.W.2d 918, 920 (N.D. 1989); Gress v. Kocourek, 427 N.W.2d 815, 816 (N.D. 1988).  Thus, summary judgment is appropriate if "no material dispute of facts exists or if only a question of law is involved."  Community Credit Union v. Homelvig, 487 N.W.2d 602, 603 (N.D. 1992).

An additional requirement for summary judgment utilized by the North Dakota Courts is that summary judgment may not be appropriate if there is a conflict between "inferences reasonably deductible" from undisputed facts.  Zuraff v. Empire Fire & Marine Ins. Co., 252 N.W.2d 302, 307 (N.D. 1977).  Any inferences which might be drawn from undisputed facts must be those which would be drawn by a "reasonable person."  See Muchow, 435 N.W.2d at 918.

If the inferences "reasonably drawn from the evidence" indicate that there is a genuine issue of material fact, there exists a question of fact for the trier of fact.  Sigurdson v. Lahr & Lahr, Inc., 299 N.W.2d 792, 795 (N.D. 1980).  However, if reasonable men could not differ as to the conclusion on an issue from the facts or inferences presented, the resolution of that issue becomes a matter of law for the Court to decide.  Morrison v. Grand Forks Housing Authority, 436 N.W.2d 221, 228 (N.D. 1989).

Thus, summary judgment should be granted in a case in which the movant shows that there is no dispute as to either the material facts or inferences to be drawn from the undisputed

material facts, and the movants show they are entitled to judgment as a matter of law. Federal Land Bank v. Asbridge, 414 N.W.2d 596, 598 (N.D. 1987). If this is shown, the non-movant must show there is a genuine issue of a material fact for trial to prevent judgment on the motion. Id. at 598. To resist the motion for summary judgment the non-movant bears the responsibility of presenting admissible evidence by affidavit or other comparable means, N.D.R.Civ.P. 56(e); Spier v. Power Concrete, Inc., 304 N.W.2d 68 (N.D 1981); "and, if appropriate, drawing attention to evidence in the record by setting out the page and line in depositions or other comparable document containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue." Gowin v. Hazen Memorial Hosp. Ass'n, 349 N.W.2d 4, 9 (N.D. 1984) (quoting First Nat. Bank of Hettinger v. Clark, 332 N.W.2d 264, 267 (N.D. 1983)). The court does not bear any "legal obligation, judicial duty, or responsibility to search for evidence opposing the motion for summary judgment." Gowin, supra at 9.

Summary judgment is thus appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Matter of Estate of Stanton, 472 N.W.2d 741, 746 (N.D. 1991) (citing Celotex Corp. v. Cattrett, 477 U.S. 317 (1986)). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving parties' case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

Under the standard set forth in these cases, the Court in the instant case should conclude that Sepco is entitled to summary judgment against the Plaintiff's claims.

**B.    Sepco Is Entitled To Summary Judgment On Plaintiff's Civil Conspiracy Claim Because Plaintiff Has Failed To Develop Any Evidence Establishing The Existence Of Any Of The Essential Elements Of A Civil Conspiracy Claim.**

The elements of civil conspiracy are defined as follows:

1.    A combination of two or more persons;

4

2.      An object to be accomplished;

3.      A meeting of minds on the object or course of action;

4.      One or more unlawful or overt acts; and

5.      Damages as a proximate result thereof.

In Re North Dakota Personal Injury Asbestos Litigation No. 1, 737 F.Supp. 1087, 1096 (D.N.D. 1990); Zelinger v. Uvalde Rock Asphalt Company, 316 F.2d 47, 51 (10th Cir. 1963). Plaintiffs must show facts satisfying each element of a civil conspiracy.  If the Plaintiffs are unable to do so, they have not made out a *prima facie* case.  In Re North Dakota Personal Injury Asbestos Litigation, supra; Zelinger, supra.

For a conspiracy to exist there must be an underlying tort which the alleged conspirators agreed to commit.  The gist of a civil conspiracy action is not the conspiracy charge, but the underlying tort.  In Re North Dakota Personal Injury Asbestos Litigation at 1095; Youmans v. Hanna, 160 N.W. 705, 716 (N.D. 1916); W. Prosser, The Law of Torts, § 46, p.324 (5th ed. 1984).  Therefore it is necessary to determine whether the Plaintiff can present a *prima facie* case tending to prove the underlying tort, which in the instant case is deceit.

Plaintiff claims that the Defendants falsely represented the alleged dangers of asbestos exposure and that Sepco and others somehow concealed or otherwise suppressed information disclosing the health risks of asbestos.  The underlying tort alleged in the instant case is deceit, not fraud.  Fraud, by its statutory definition in North Dakota, only applies to representations made by parties to a contract and relied upon by other parties to the same contract. N.D.C.C. § 9-03-08.  Fraud has no application where, as in the instant case, there is no contract between parties. Hellman v. Thiele, 413 N.W.2d 321, 326 (N.D. 1987).

The elements of deceit are provided by N.D.C.C. §§ 9-10-02, 9-10-03, and 9-10-04.  The relevant definition of "deceit" for the purpose of this case is contained in N.D.C.C. § 9-10-02(3), which provides as follows:

9-10-02.      Deceit - definition. - A deceit within the meaning of section 9-10-03 is:

> (3)    The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact;

N.D.C.C. § 9-10-02(3); Hellman, supra, at 326.

Although the instant case involves allegations of deceit, much of the common law concerning fraud is also applicable to deceit, especially with regard to the burden of proof. Dewey v. Lutz, 462 N.W.2d 435, 442 (N.D. 1990). A party alleging fraud bears the burden of proving the truth of the allegations by clear and convincing evidence. State Bank of Kenmare v. Lindberg, 471 N.W.2d 470, 474 (N.D. 1991). Thus, a party alleging deceit also bears the burden of proving the truth of the allegation by clear and convincing evidence. Dewey, supra, at 442. This burden of proof is the same both at trial and in opposition to a motion for summary judgment.

The Kenmare case involved a motion for summary judgment dismissing a claim of fraud. On appeal, the North Dakota Supreme Court held as follows:

> In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 981 L.Ed.2d 202 (1986), the United States Supreme Court, in applying Rule 56(c) of the Federal Rules of Civil Procedure, concluded that a higher burden of proof should have a corresponding effect on the judge when deciding whether to send the case to the jury. [Footnote omitted.] Therefore, when determining if a genuine factual issue as to fraud exists, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability.

Kenmare, supra, at 474. Thus, the trial judge must grant a motion for summary judgment against an allegation of deceit if the evidence presented is of insufficient caliber to allow a rational finder of fact to find deceit by clear and convincing evidence.

After extensive discovery in this case, Plaintiff has not established any facts showing the existence of the elements he must prove to prevail on his claims of civil conspiracy to commit deceit. Plaintiff has provided no facts establishing that Sepco and others agreed to suppress information concerning the health hazards of asbestos. Moreover, Plaintiff has failed to come forward with any evidence showing that Sepco and others acted with intent to deceive the users of asbestos products. Despite the passing of the court-imposed deadline for submission of a final

and binding Witness List and Exhibit List, Plaintiff has utterly failed to list any witnesses or any exhibits applicable directly to Sepco. Because the Plaintiff has offered no clear and convincing evidence of willful deception, the Court in the instant case should grant Sepco summary judgment with regard to the civil conspiracy claim. Kenmare at 474-75.

Not only is there a complete absence of factual support for these purported "deceit" allegations, but Plaintiff hasn't even bothered to properly plead his "deceit" claims. The Plaintiff's allegations of deceit should be dismissed with prejudice pursuant to Rule 9 of the North Dakota Rules of Civil Procedure. Rule 9 provides in pertinent part:

> (b)  Fraud, mistake, condition of the mind. In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.

Rule 9, N.D.R.Civ.P.; Union State Bank v. Woell, 434 N.W.2d 712, 721 (N.D. 1989). Rule 9 governing fraud should also govern deceit. Dewey at 442.

Plaintiff's complaint does not state with particularity the circumstances constituting the alleged deceitful behavior. Instead, Plaintiff generally alleges that the Defendant falsely represented or concealed facts concerning the alleged dangers of asbestos exposure. These general and conclusory statements do not meet the standards set forth in Rule 9 of the North Dakota Rules of Civil Procedure or the case law. Kenmare at 476.

The time to amend pleadings has now passed. Therefore, Sepco is entitled to summary judgment dismissing the claim of civil conspiracy to commit deceit not only because of the lack of any factual support, but also based on the rule requiring that averments of fraud or deceit shall be pleaded with particularity. Kenmare, supra; Woell, supra; N.D.R.Civ.P. Rule 9.

**C.    Sepco Is Entitled To Summary Judgment On Plaintiff's Market Share Liability, Enterprise Liability And Alternative Liability Theories In These Asbestos Cases.**

The Honorable William Hodny, a North Dakota State District Court Judge in Burleigh County, has previously addressed the issue of whether market share liability, enterprise liability and alternative liability apply in North Dakota. See, Baer, *et al.* v. ACandS, Inc., *et al.* Market Share Memorandum, dated January 25, 1994 (hereinafter "Memorandum"). This ruling by Judge

Hodny has been overwhelmingly confirmed by all other State District Court Judges in North Dakota, including Judge Bruce Bohlman, Judge Lawrence Leclerc, Judge Gary Holum, and Judge Burt Riskedahl.  If further briefing on these theories is desired by the Court, Sepco would be more than willing to furnish it.

Defendant Sepco requests that this Court reaffirm the overwhelming stance taken by the above Judges and grant Sepco Corporation summary judgment on the issues of market share liability, enterprise liability, and alternative liability.

**D.      Sepco Is Entitled To Summary Judgment Dismissing Plaintiff's Claims Of Intentional Torts Because Of Plaintiff's Failure To Present Evidence Showing That Sepco Engaged In Any Intentional Tort.**

Plaintiff has not established any facts showing the existence of the elements they must prove to prevail on their claims of intentional torts.  Plaintiff has provided no facts establishing that Sepco engaged in any intentional tort.  The District Court must grant summary judgment if the pleadings and other documents show there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law.  N.D.R.Civ.P. 56(c) (1990); Temme v. Traxel, 102 N.W.2d 1 (N.D. 1960).  Plaintiff's claims based on an intentional tort theory should be dismissed as they are wholly lacking in factual support.

**E.      Sepco Is Entitled To Summary Judgment Dismissing Plaintiff's Claims Of Negligence, Strict Product Liability, Breach Of Warranty, And Any Other Applicable Claim Because Of Plaintiff's Failure To Present Evidence Showing Exposure To Sepco Products, Or Evidence That Such Products Contained Asbestos.**

The threshold requirement of any products liability action is identification of the injury-causing product and its supplier.  Leng v. Celotex Corp., 554 N.E.2d 468, 469 (Ill. Ct. App. 1990); Marshall v. Celotex Corp., 651 F.Supp. 389, 391 (E.D. Mich. 1987).  This relates to the essential "proximate causation" element required in any tort claim.  Therefore, to prevail on his claims, the Plaintiff must prove that his alleged asbestos-related injuries were proximately caused by exposure to asbestos containing products supplied by Sepco.  Arneson v. City of Fargo, 303 N.W.2d 515 (N.D. 1981) (negligence); Hagert v. Hatton Commodities, 384 N.W.2d

8

654 (N.D. 1986) (breach of warranty); Mauch v. Manufacturers Sales and Service, Inc., 345 N.W.2d 338 (N.D. 1984) (strict liability); Hellman v. Thiele, 413 N.W.2d 321 (N.D. 1987) (deceit); see Lineaweaver v. Plant Insulation Co., 31 Cal. App. 4th 1409, 1415 (1995); see also, Restatement (Second) of Torts, §§ 430, 431 (1975).

One of the primary legal questions under the issue of "proximate cause" is the degree of evidence necessary to establish exposure. A finding of causation cannot be based on speculation or conjecture. Schmidt v. Plains Electric, Inc., 281 N.W.2d 794 (N.D. 1979).

Plaintiff has failed to present sufficient evidence to create a jury question on the issue of whether the Plaintiff's alleged asbestos related diseases were caused by asbestos containing products supplied by Sepco. As discussed above, if the Plaintiff is unable to present sufficient evidence showing that a genuine issue of material fact exists, based upon conflicting material facts or reasonable inferences drawn from the undisputed material facts, the movant is entitled to judgment as a matter of law. Federal Land Bank v. Asbridge, 414 N.W.2d 596, 598 (N.D. 1987).

The North Dakota Supreme Court has yet to address the troublesome issue regarding what level of evidence the Plaintiff in an asbestos case are required to present in order to resist a motion for summary judgment based on the issue of causation. However, this issue was thoroughly addressed in Baer, et al. v. ACandS, Inc. et al., an unpublished opinion by the Honorable Judge William Hodny, dated January 20, 1994, (hereinafter referred to as "Opinion").

In this Opinion, it was determined that a Plaintiff in an asbestos case must present sufficient evidence to create a "reasonable inference of exposure." Id. at 7. Judge Hodny determined that "[a] summary judgment ruling depends on the evidence presented and application of the reasonable inference standard as applied to the unique facts of each Plaintiff's case." Id. at 13-14.

For making this determination, the "frequency, regularity, and proximity" standard was deemed to be useful. Id. This test evolved out of Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156 (4th Cir. 1986). Under this test, "[t]o support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product

9

on a regular basis over some extended period of time in proximity to where the Plaintiff actually worked." Lohrmann, 782 F.2d at 1162-63, See also Jackson v. Anchor Packing Co., 994 F.2d 1295 (8th Cir. 1993) (adopting the frequency, regularity and proximity standard); Chism v. W.R. Grace Co., 158 F.3d 988, 992 (8th Cir. 1998) (finding plaintiffs failed to satisfy the frequency, regulatory and proximity standard used in determining whether a particular defendant's product was a substantial factor in asbestos injury).

Furthermore, to assist in the determination of whether the Plaintiff has adequately met the test for "frequency, regularity, and proximity", in order to satisfy the reasonable inference standard, Judge Hodny explained that the case of Lockwood v. AC & S, Inc., 744 P.2d 605 (Wash. 1987) is "helpful in its analysis of all of the factors to be considered in drawing those inferences." See Opinion, page 14. These Lockwood factors include:

(1)     Evidence of Plaintiff's proximity to the asbestos products at time of exposure.

(2)     Expanse of the work site where asbestos fibers were released.

(3)     Extent of time Plaintiff was exposed to the product.

(4)     Types of asbestos products with regard to amount of asbestos contained and tendency of products to release fibers in the air.

(5)     Methods in which products were handled.

(6)     Evidence of medical causation to the Plaintiff's particular disease.

See Opinion, page 8.

In light of the above-listed factors, the "substantial factor" test, and the "frequency, regularity, and proximity" standard, a review of the Plaintiff's exposure evidence in these cases reveals that the Plaintiff has failed to present sufficient evidence to create a jury question on the issue of whether the Plaintiff's alleged asbestos related diseases were caused by asbestos containing products supplied by Sepco. It should also be noted that Plaintiff has presented no evidence that particular Sepco products at issue did in fact contain asbestos, or that Sepco supplied any asbestos containing products to which exposure is claimed.

## IV.   FACTUAL SHOWING AS TO INDIVIDUAL PLAINTIFFS

**Betty Hatzenbihler (Peter Hatzenbihler):**

Plaintiff Betty Hatzenbihler, the widow of Peter Hatzenbihler sued this case out in 1989 as a wrongful death case. A work history was produced, and a copy is attached hereto as Exhibit A. It indicates that the decedent worked at various power plants in North Dakota from 1965 to 1987. At each the work history generically listed the asbestos products to which exposure is apparently claimed as block, pipe covering, cements, and sprayed insulation. In the last one it simply listed friction products. As indicated in the previous discussion and attachments, there is no evidence connecting Sepco products to any of these sites. There is no listing of gaskets or packing at all.

Based on the foregoing, there has been absolutely no identification of any Sepco product to which Peter Hatzenbihler was ever exposed, much less an allegedly asbestos containing Sepco product. This claim should be dismissed in its entirety as against Sepco.

The evidence presented by the Plaintiff is insufficient to demonstrate the required "frequency, regularity, and proximity" of the alleged exposure to Sepco products, and fails to show that Sepco products were a substantial factor in bringing about his alleged injury. Further, the evidence is insufficient to demonstrate that those products caused him to be exposed to asbestos. Plaintiff's evidence falls short of the requisite standard of proof and the Court in this case should grant summary judgment.

## V.   CONCLUSION

Based on the foregoing, Sepco Corporation respectfully requests that its motions for summary judgment, on all of the grounds stated above, be granted in their entirety, and that Sepco have judgment entered in its favor on all claims.

Dated this 14th day of January, 2010.

JEFFRIES, OLSON & FLOM, PA

By: _Joel A. Flom_

Joel A. Flom                                    #04469
1202 – 27th Street So., Ste. B
Fargo, ND  58103
(701) 280-2300
ATTORNEYS FOR DEFENDANT
SEPCO CORPORATION

12

PETER HATZENBIHLER

LABORER

SSN:
DOB:

1.    Years:  1965 (1 month)
      Employer:  Sorenson Construction,
      Project:   Laborer: Basin Powerplant, Center, ND (new
               construction)
      Co-Workers:  Norman Yeager Beulah, ND; Howard Yeager, Center
               ND; Jerry Rudder, (deceased)
      Asbsetos Products:  Block; pipecovering; cements; sprayed
               insulation

2.    Years:  1965-1968
      Employer:  Foster Wheeler; Northern Equipment
      Project:  UPA Powerplant, Stanton, ND
      Co-Workers:  Norman Yeager; HowardYeager; Jerry Rudder; Jim
               Lipp; Bob Bernhart, Mandan, ND; Jerry
               Hatzenbihler, Center, ND;
      Asbsetos Products:  Block; pipecovering; cements; sprayed
               insulation

3.    Years:  1966
      Employer:  Northern Improvement
      Project:  Building bridger, Incl.; bridge between Stanton &
               Center, ND
      Co-Workers:
      Asbsetos Products:  Unknown

4.    Years:  1968
      Employer:  Northern Improvement
      Project:  Minnkota Powerplant, Center, ND
      Co-Workers:  Norman Yeager; Howard Yeagar; Bud Carlson,
               Center, ND
      Asbsetos Products:  Block; pipecovering; cements; sprayed
               insulation

5.    Years:  1969-1970
      Employer:  Northern Improvement
      Project:  Minnkota Powerplant-Center, ND
      Co-Workers:
      Asbsetos Products:   Block; pipecovering; cements; sprayed
               insulation

6.    Years:  1973-1987
      Employer:  Minnkota Powerplant, Center, ND
      Project:  Minnkota Powerplant, Center, ND; Yardman-removal
               of coal & ash with bulldozer-Caterpillar
      Co-Workers:  Paul Isaac, Ceneter, ND; John Kautzmann,
               Center, ND; Ray Berger, Center, ND; Howard
               Windhorsdt, Center, ND; Melvin Yantzer, Center,



ND; Richard Zaar, Center, ND; Marvin Heinert Center, ND; Dick, Elstad, Center, ND; George Borner, Center, ND; Eugene Himmelspach, Mandan, ND; Donald Schmidt, Bismarck, ND; Martin Orgaard, Center, ND;

Asbsetos Products:  Friction Materials;